## GLASSCOCK, Tutor *v.* GREEN.

The husband, as head of the community, is bound to pay its debts. If he uses the separate funds of his wife for that purpose, he becomes her debtor for the amount.

APPEAL from the District court of Concordia, *Barry*, J. *Stacy* and *Sparrow*, for the appellant. *Thomas* and *Snyder*, for the defendant. The judgment of the court was pronounced by

KING, J. The plaintiff has instituted this action against the defendant, the mother and former tutrix of *J. W. D. Glasscock*, to render an account of her tutorship. In obedience to an order of court the defendant filed an account, exhibiting a balance in her favor, for which she prayed judgment. She subsequently, in an amended answer, claimed an additional credit for the proceeds of a crop of cotton, made previous to her marriage with *Glasscock*, the father of the minor, which were received by him during the marriage. The account was opposed by the tutor on various grounds. The district judge rendered a decree establishing a sum to be due to the defendant by the minor, and the plaintiff has appealed.

The appellant complains: 1st. That a sufficient amount has not been allowed for the hire of certain slaves, the individual property of the minor. 2d. That an error of $63, has been made in the addition of the debit side of the account presented by the tutrix, to the prejudice of the minor. 3d. That interest has not been allowed on the one half of the value of the moveables and improvements belonging to the community, for which the tutrix has been held liable. 4th. That the judge erred in allowing the defendant a credit for the crop of cotton of 1839.

I. The defendant debited herself, in her account, with the hire of the minor's slaves, from the death of her husband to the 13th March, 1839. It appears however, from the evidence, that the slaves were not delivered to the plaintiff until the 6th January, 1840. The hire for nine months and twenty-four days, at the rate fixed by the district judge, must be placed to the minor's credit.

II. The error of $63 in the additions, must likewise be corrected.

III. We have repeatedly held that tutors are liable for interest on the funds of their wards which they fail to invest. But, in the present instance, the defendant appears to have been a creditor of the succession which devolved upon

the minor, at the time that it was opened, for an amount nearly equal to the value of the moveables and improvements for which she has been held liable; and, shortly after *Glasscock's* death, became a creditor for an amount exceeding this liability, by the payment of community debts. She can consequently owe no interest.

IV. The evidence, in our opinion, satisfactorily shows that, the defendant made a crop of one hundred and twenty-six bales of cotton during the year 1830, prior to her marriage with *Glasscock*, which did not occur until the 15th December of that year; and that the proceeds, i. e. $3497 35, were received by her husband subsequently to the marriage. A part of the sum it is true, was applied to the payment of debts contracted by the defendant anterior to the marriage, but the amount thus appropriated was deducted by the judge from the sum for which the minor has been held answerable.

It is shown that the proceeds of this crop were in part applied to the purchase of plantation supplies, and other articles for the use of the community between *Glasscock* and the defendant. The plaintiff contends that the succession of *Glasscock* should not be held to account for these expenditures. To this it is satisfactorily answered that *Glasscock* was the head of the community, and bound to pay its debts. If he used the separate funds of his wife for that purpose, he became her debtor for the amount thus applied.

The judgment of the District Court is, therefore, amended, by allowing the plaintiff a credit for $63, and for the hire of the minor's slaves for nine months and twenty-four days. Thus amended, the judgment appealed from is affirmed; the appellee paying the costs of this appeal.